UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KIZZY BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 3:21-cv-133 |
| | ) |
| VUTEQ USA, INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Kizzy Brown ("Brown"), by counsel, against Defendant, Vuteq USA, Inc., ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

**II. PARTIES**

2. Brown is a citizen of the United States and the State of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3), and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b) and 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Brown was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C. § 12111(4).

7. Brown is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Brown's disability and/or Defendant regarded Brown as being disabled.

8. Brown exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Brown, who is Black, was hired by the Defendant on or about November 30, 2020. She worked most recently as a Logistics Team Leader.

11. At all times relevant, Brown met or exceeded Defendant's legitimate performance expectations. In fact, she was promoted in February 2021.

12. On or about February 27, 2021, Brown was involved in a motor vehicle accident after work and suffered a concussion. Brown was placed under doctor's care at that time and told that she could return to work on March 4, 2021 with restrictions.

13. Brown communicated with the Defendant and reported her absences via telephone and text message to her HR contact, Debra Chinn.

14. While out due to the disability she suffered in the motor vehicle accident, Brown was told by Candi Ott in Human Resources that she could not return to work as long as she had restrictions. Lisa Nelson, HR Manager, also told Brown she needed to have a release from her physician saying she could return to full duty with no restrictions. This came after Chinn told Brown her restrictions could be accommodated.

15. On or about March 8, 2021, Defendant terminated Brown for violation of the attendance policy. This reason is pretext for discrimination based on Brown's disability and/or race.

16. At the time of her termination, upon information and belief, there were open positions that Brown could have been placed in that would have accommodated Brown's restrictions. Defendant failed to engage in the interactive process to determine appropriate accommodations.

17. Similarly-situated Caucasian employees, including Bambi Atkins, were allowed to return to work with restrictions.

### V. LEGAL ALLEGATIONS

#### COUNT I – RACE DISCRIMINATION

18. Paragraphs one (1) through seventeen (17) of Brown's Complaint are hereby incorporated.

19. Defendant violated Brown's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* by terminating her employment because of her race.

20. Defendant's actions were intentional, willful and in reckless disregard of Brown's rights as protected by the ADA.

21. Brown has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION

22. Paragraphs one (1) through twenty-one (21) of Brown's Complaint are hereby incorporated.

23. Defendant violated Brown's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by failing to engage in the interactive process and by terminating her because of her actual or perceived disability.

24. Defendant's actions were intentional, willful and in reckless disregard of Brown's rights as protected by the ADA.

25. Brown has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kizzy Brown, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

        Respectfully submitted

        /s/ Lauren E. Berger_____
        Lauren E. Berger, Atty. No. 29826-19
        Kyle F. Biesecker, Atty. No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, IN 47708
        Telephone:  (812) 424-1000
        Facsimile:   (812) 424-1005
        Email:       lberger@bdlegal.com
                           kfb@bdlegal.com

*Attorneys for Plaintiff, Kizzy Brown*

## DEMAND FOR JURY TRIAL

The Plaintiff, Kizzy Brown, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Kizzy Brown*
